| | |
|---|---|
| UNITED STATES OF AMERICA for the use of STRATEGIC ENERGY SERVICES, LLC, and STRATEGIC ENERGY SERVICES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ACE ELECTRIC, INC., HARTFORD CASUALTY INSURANCE COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, LIBERTY MUTUAL INSURANCE COMPANY, and FEDERAL INSURANCE COMPANY, <br><br> Defendants. | **ORDER** |

On January 13, 2014, plaintiffs filed this action against defendants Ace Electric, Inc. ("Ace"), Hartford Casualty Insurance Company ("Hartford"), Travelers Casualty and Surety Company of America ("Travelers"), Fidelity and Deposit Company of Maryland ("Fidelity"), Liberty Mutual Insurance Company ("Liberty"), and Federal Insurance Company ("Federal") (defendants Hartford, Travelers, Fidelity, Liberty, and Federal collectively referred to as the "surety defendants"). Plaintiffs alleged claims under the Miller Act and for breach of contract [D.E. 1]. On March 31, 2014, Ace and Hartford filed their answers denying plaintiffs' claims, and Ace filed a counterclaim alleging breach of contract and seeking indemnity from plaintiffs [D.E. 36, 37].

On March 31, 2014, based on the written sub-subcontract between Ace and Strategic Energy Services, LLC, Ace filed a motion to compel arbitration and stay litigation [D.E. 38]. On May 7, 2014, the court granted Ace's motion to compel arbitration and stay litigation [D.E. 46]. The order

stayed the case and referred the parties to arbitration. Id. More than two years have passed, and plaintiffs have failed to proceed with arbitration or otherwise prosecute their claims in any way. See [D.E. 54].

On June 23, 2016, Ace and the surety defendants filed a motion to dismiss, asserting that plaintiffs failed to prosecute their claims and comply with this court's order compelling arbitration [D.E. 55]. See Fed. R. Civ. P. 41(b). Plaintiffs failed to respond to the motion.

"If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R., 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id. at 629–30.

In determining whether to dismiss an action for failure to prosecute, the court must consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic than dismissal." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991) (quotation omitted); Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989). Deliberately failing to comply with a court's order compelling arbitration can result in the dismissal of a plaintiff's complaint. See, e.g., Thorton v. Art Institute of Charlotte, No. 3:14-cv-00621-FDW-DCK, 2015 WL 4066733, at *1–2 (W.D.N.C. July 2, 2015) (unpublished); Thomas v. Right Choice MWM, Inc., No. 3:13-cv-00512-FDW-DSC, 2015 WL 1919283, at *2–3 (W.D.N.C. Apr. 28, 2015) (unpublished); Quest Motor Racing, Inc. v. Paramount Hospitality Mgt., LLC, No. 3:04CV76-H, 2007 WL 841936, at *2 (W.D.N.C. Mar. 19, 2007) (unpublished).

2

With regard to Miller Act bonds and common law bonds, a surety's obligation is coextensive with that of the principal. See, e.g., U.S. for Benefit and on Behalf of Sherman v. Carter, 353 U.S. 210, 215–16 (1957); Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1468 (4th Cir. 1991); RGK, Inc. v. U.S. Fidelity & Guaranty Co., 292 N.C. 668, 686, 235 S.E.2d 234, 240–45 (1977). Thus, when the principal is dismissed, a court also should dismiss the surety. See, e.g., Am. Cas. Co. of Reading, Pa. v. Arrow Road Const. Co., 309 F.2d 923, 924 (9th Cir. 1962).

Since this court's May 7, 2014 order, plaintiffs have failed to make any effort to institute an arbitration proceeding or otherwise prosecute their claims. Plaintiffs have failed to present any reason or excuse for such failure and failed to respond to the motion to dismiss. Plaintiffs are responsible for inexcusable dilatory conduct, and plaintiffs conduct has prejudiced the defendants. Plaintiffs have completely ignored this court's directives and have abdicated their responsibilities in this case. Having considered the entire record, dismissal is the only appropriate sanction.

Plaintiffs' claims against the surety defendants derive from plaintiffs' claims against Ace. Accordingly, plaintiffs' failure to prosecute their claims against Ace also constitutes a failure to prosecute their claims against the surety defendants. Thus, plaintiffs' claims against Ace and the surety defendants are dismissed with prejudice.

In sum, defendants' motion to dismiss [D.E. 55] is GRANTED. Plaintiffs' complaint is DISMISSED with prejudice.

SO ORDERED. This _3_ day of August 2016.

JAMES C. DEVER III
Chief United States District Judge